```
JOHN DINAPOLI (SBN 84365)
STEVEN J. SIBLEY (SBN 152365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone:  (408) 999-0900
Facsimile:  (408) 999-0191
e-mail:     jfd@dslaw.net

Attorneys for Defendant PRIZE
CORPORATION, a Tennessee
corporation
```

**Filed**

FEB - 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

izmo CRM, INC.,

    Plaintiff,

v.

PRIZE CORPORATION, a Tennessee corporation, and DOES 1 through 20, inclusive,

    Defendants.

Case No. C10-00518 HRL

**NOTICE OF REMOVAL**

[28 U.S.C. §§1332(a)(1), 1441, 1446]

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION:

    This notice of removal by defendant PRIZE CORPORATION, a Tennessee corporation, respectfully shows:

    1.    On November 16, 2009, an action was commenced against defendant PRIZE CORPORATION, a Tennessee corporation, in the Superior Court of the State of California, County of Santa Clara, Case No. 1-09-CV-157425, captioned izmo CRM, INC., v. PRIZE CORPORATION, a Tennessee corporation, and DOES 1 through 20.

    2.    On January 11, 2010, defendant received a copy of plaintiff's Summons and Complaint for Damages and Equitable Relief, copies of which are attached to this Notice as Exhibits 1 and 2 and incorporated by this reference, although that delivery was not valid service under California State Law.

3. The other papers which accompanied the Summons and Complaint were a Notice and acknowledgment of Receipt Civil–dated January 8, 2010, a Civil Lawsuit Notice, and an Alternative Dispute Resolution Information Sheet/Civil Division, copies of which are attached hereto as Exhibits 3, 4 and 5.

4. The above-described State Court Action is a civil action of which this Court has original jurisdiction under Title 28 of the United States Code §1332(a)(1) and which may be removed to this Court under Title 28 of the United States Code §§1332(a)(1) (diversity of citizenship and amount in controversy in excess of $75,000), 1441 and 1446. As alleged in the Complaint in the State Court Action, plaintiff and defendants are residents of different States and the amount of controversy exceeds $75,000 or more, exclusive of interest and costs.

5. As alleged in the Complaint (Exhibit 2 hereto), plaintiff izmo CRM, INC., at the time this action was commenced was and still is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the County of San Francisco, State of California, and defendant PRIZE CORPORATION at the time that this action was commenced was and still is a corporation incorporated under the laws of the State of Tennessee with its principal place of business in the County of Hamilton, State of Tennessee, and is not and was not incorporated under the laws of the State of California in which plaintiff brought this action.

WHEREFORE, defendant PRIZE CORPORATION, a Tennessee corporation, respectfully requests that the above action, presently pending in the Superior Court of California, Santa Clara County, be removed to the United States District Court for the Northern District of California, San Jose Division.

Dated: February 9, 2010

DINAPOLI & SIBLEY

By: _____
JOHN DINAPOLI, Attorneys for
Defendant PRIZE CORPORATION, a
Tennessee corporation

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PRIZE CORPORATION, a Tennessee
*(AVISO AL DEMANDADO):* corporation, and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:** izmo CRM, INC.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Clark Sakai

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 109CV15742

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel F. Pyne, Esq. (State Bar No. 131955)    (408) 286-9800   (408) 998-4790
HOPKINS & CARLEY, A Law Corporation
The Letitia Building
San Jose, CA 95113-2406

Clark Sakai

DATE: NOV 16 2009    Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)* DAVID H. YAMASAKI   *(Adjunto)*
                              Chief Executive Officer, Clerk

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 2

Daniel F. Pyne, Esq. (State Bar No. 131955)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, California 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Clark Sakai

Attorneys for Plaintiff
izmo CRM, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| izmo CRM, Inc., <br><br> Plaintiff, <br><br> v. <br><br> PRIZE CORPORATION, a Tennessee corporation, and DOES 1 through 20, <br><br> Defendants. | Case No. 109CV157... <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

## INTRODUCTION

1. Plaintiff izmo CRM, Inc. is a Delaware corporation doing business in the State of California with its principal place of business in the County of San Francisco, State of California.

2. Defendant Prize Corporation is a Tennessee corporation doing business in the State of California with its principal place of business in the County of Hamilton, State of Tennessee.

3. The plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues those defendants by fictitious names. The plaintiff will amend this complaint to allege the true names and capacities of those defendants as soon as they are ascertained. The plaintiff is informed and believes that each

fictitiously named defendant is responsible in some way for the events and damages described herein.

## FACTUAL ALLEGATIONS

4. Plaintiff izmo CRM, Inc. develops and sells software designed to track interaction and communication between automobile dealers and their customers.

5. Defendant Prize Corporation also develops and sells applications designed to improve the operating efficiency of automobile dealers in their relationships with their customers.

6. On or about July 14, 2007, izmo CRM and Prize executed an Asset Purchase Agreement (hereafter referred to as "the Agreement") pursuant to which izmo CRM purchased certain assets from Prize.

7. Section 2.5 of the Agreement obligated izmo CRM to pay a portion of the purchase price for the assets to Prize on July 23, 2007, and to deliver a note (hereafter referred to as "the Note") in the principal sum of $1,200,000 to Prize, with equal payments of $400,000 due to be made to Prize in July of 2008, July of 2009 and July of 2010.

8. Included among the assets purchased by izmo CRM from Prize pursuant to the Agreement was "all billed and unbilled accounts receivable." In section 4.1(p) of the Agreement, Prize warranted that it had attached to the Agreement:

> a complete and accurate list of all accounts receivable as of the month end preceding the date of this Agreement, all of which receivables represent bona fide claims against third party debtors for sales, services performed or other charges arising on or before the Closing Date. All the services performed which gave rise to such accounts were delivered or performed in accordance with the applicable orders, Contracts or customer requirements. The accounts receivable listed on the schedules and as of the Closing Date are subject to no defenses, counterclaims or rights of setoff and are or will be fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to Purchaser in collection efforts therefore, except to the extent that reserves for uncollectible accounts receivable are included on such balance sheet in accordance with GAAP.

9. Section 8.7 of the Agreement permits izmo CRM to offset any damages or losses recoverable by izmo CRM from Prize against amounts due and payable under the Note.

-2-
COMPLAINT

10. Through June of 2009, izmo CRM was unable to collect in excess of $400,000 in accounts receivable purchased from Prize pursuant to the Agreement. As a result, izmo CRM offset the uncollected accounts receivable against the payment otherwise due to Prize on the Note. Since the uncollected accounts receivable exceeded the $400,000 otherwise due to Prize on the Note, izmo CRM did not pay any additional money to Prize in July of 2009.

11. Since July of 2009, Prize has rejected izmo CRM's offset of uncollected accounts receivable against the installment payment otherwise due under the Note and has demanded that izmo CRM pay the installment allegedly due under the Note. izmo CRM is informed and believes that Prize now contends that the accounts receivable listed in Schedule 4.1(p) to the Agreement are subject to deductions for contracts "that had not been billed nor had service been performed ... prior to closing."

## FIRST CAUSE OF ACTION

(Breach of Contract)

12. izmo CRM incorporates the allegations in paragraphs 1 through 11 of the complaint as though set forth fully herein.

13. offer / acceptance / consideration / breach / performance / damages

14. As described above, izmo CRM agreed to purchase certain assets from Prize, including "all billed and unbilled accounts receivable," which Prize identified in a schedule attached to the Agreement and warranted as "fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to Purchaser..."

15. izmo CRM has at all times performed its duties and otherwise fulfilled its obligations to Prize pursuant to the Agreement.

16 Prize has breached the Agreement by failing to transfer to izmo CRM accounts receivable which are collectible without material cost to izmo CRM, as promised in the Agreement.

17. As a result of the breach by Prize of its contractual obligations, izmo CRM has suffered damage in an amount to be proven at trial.

-3-
COMPLAINT

## SECOND CAUSE OF ACTION

(Misrepresentation)

18. The plaintiff incorporates the allegations in paragraphs 1 through 11 and 13 through 17 of the complaint as though set forth fully herein.

19. Prize falsely represented to izmo CRM that all of the accounts receivable listed in a schedule to the Agreement were "fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to Purchaser…"

20. Prize knew or should have known that its representations to izmo CRM regarding the collectability of the accounts receivable listed in the schedule to the Agreement were false because it had not issues invoices in connection with some of the accounts receivable and had not performed the services associated with some accounts receivable.

21. In reliance on Prize's representations regarding the collectability of the accounts receivable, izmo CRM executed the Agreement and has made payments to Prize as specified in the Agreement.

22. As a result of Prize's misrepresentations, izmo CRM has suffered and continues to suffer damage in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Declaratory Relief)

23. The plaintiff incorporates the allegations in paragraphs 1 through 11, 13 through 17 and 19 through 22 of the complaint as though set forth fully herein.

24. An actual controversy has arisen and now exists between izmo CRM and Prize concerning izmo CRM's obligation (or lack thereof) to pay all or part of the installment payment scheduled for July 2009, and izmo CRM's right to offset the uncollected accounts receivable against any installment payment otherwise due in July 2009. izmo CRM contends that (a) more than $400,000 of the accounts receivable listed on the schedule to the Agreement as of the Closing Date were not fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to izmo CRM, (b) it is entitled to offset the accounts receivable listed on the schedule to the Agreement that were not fully collectible

within 90 days of their respective dates in the ordinary course of business without material cost to izmo CRM against any payment otherwise due to Prize in July of 2009, and (c) it was not obligated pursuant to the Agreement to make any payment to Prize in July of 2009 because the accounts receivable listed on the schedule to the Agreement as of the Closing Date that were not fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to izmo CRM exceeded the amount otherwise payable under the Note. izmo CRM is informed and believes that Prize disputes these contentions and contends that izmo CRM is obligated to pay some or all of the installment payment otherwise due in July 2009 to it.

25. izmo CRM seeks a judicial determination of its rights, and a declaration that it is not obligated pursuant to the Agreement to make any payment to Prize at this time because the accounts receivable listed on the schedule to the Agreement that were not fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to izmo CRM exceed the amount otherwise payable to Prize at this time pursuant to the Agreement. A judicial declaration is necessary and appropriate at this time in order to enable the parties to ascertain their rights and obligations pursuant to the Agreement.

## FOURTH CAUSE OF ACTION

(Violation of Business & Professions Code section 17200)

26. The plaintiff incorporates the allegations in paragraphs 1 through 11, 13 through 17, 19 through 22 and 34 through 25 of the complaint as though set forth fully herein

27. The actions, omissions and conduct of Prize, as described above, violate Business & Professions Code section 17200 because Prize fraudulently represented to izmo CRM that all of the accounts receivable listed in a schedule to the Agreement were "fully collectible within 90 days of their respective dates in the ordinary course of business without material cost to Purchaser..."

28. The unfair and fraudulent business practices described herein are continuing. Unless the Court issues an appropriate order or judgment, Prize will continue to engage in such conduct to the detriment of izmo CRM.

WHEREFORE, plaintiff izmo CRM, Inc. prays that the Court:

1. Award it compensatory damages according to proof;

2. Issue a declaratory judgment stating that (a) izmo CRM, Inc. is entitled to offset the accounts receivable listed on the schedule to the Agreement that were not fully collectible within 90 days in the ordinary course of business without material cost to it against any payment otherwise due to Prize in July of 2009 or thereafter, and (b) izmo CRM, Inc. was not obligated to make any payment to Prize Corporation in July of 2009 because the accounts receivable listed on the schedule to the Agreement that were not fully collectible within 90 days in the ordinary course of business without material cost to it exceeded the amount otherwise payable under the Note at that time;

3. Award it interest according to proof;

4. Award it costs of suit incurred herein;

5. Award it attorney fees according to proof;

6. Award it such other and further relief as the court deems just and proper.

Dated: November 16, 2009

HOPKINS & CARLEY
A Law Corporation

By: *Daniel F. Pyne*
Daniel F. Pyne
Attorneys for Plaintiff
izmo CRM, Inc..

353\664211.2

# EXHIBIT 3

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel F. Pyne, Esq. (State Bar No. 131955) <br> HOPKINS & CARLEY, A Law Corporation <br> The Letitia Building <br> 70 S. First Street <br> San Jose, CA 95113-2406 <br> TELEPHONE NO.: (408) 286-9800   FAX NO. *(Optional)*: (408) 998-4790 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: Plaintiff izmo CRM, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: San Jose, CA 95113
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: izmo CRM, INC.

DEFENDANT/RESPONDENT: PRIZE CORPORATION, a Tennessee corporation, and DOES 1 through 20

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 1-09-CV-157425 |
|---|---|

TO *(insert name of party being served)*: Defendant Prize Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 8, 2010

Daniel F. Pyne, Esq.                                    ▶ *Daniel J. Pyne*
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [x] A copy of the summons and of the complaint.
2. [x] Other: *(specify)*: Civil Lawsuit Notice & Alternative Dispute Resolution Information Sheet

*(To be completed by recipient):*
Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal Solutions Plus | Code of Civil Procedure, <br> §§ 415.30, 417.10 |

# EXHIBIT 4

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: _____

**1 0 9 C V 1 5 7 4 2 5**

> **PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---
**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint*, *using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint* ;
2. You must have an adult other than yourself personally deliver or mail a copy of your written response to Plaintiff's attorney, or to Plaintiff if Plaintiff has no attorney; and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---
Your Case Management Judge is: **Honorable James Emerson**   Department: __19__

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **APR 1 3 2010**   Time: **1:30pm**   in Department: **19**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____   Time: _____   in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

EXHIBIT 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
  < The parties are far apart in their view of the law or value of the case
  < The case involves a technical issue in which the evaluator has expertise
  < Case planning assistance would be helpful and would save legal fees and costs
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, needs to be evaluated
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
< The parties have complex facts to review
< The case involves multiple parties and problems
< The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2910

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 8/08

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is the law offices DiNapoli & Sibley, Ten Almaden Boulevard, Suite 1250, San Jose, California 95113-2271, and my phone number is (408) 999-0900. I am employed in the County of Santa Clara where this service occurred. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with the normal business practice of the law offices of DiNapoli & Sibley for the collection and processing of correspondence for mailing with the U. S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following the ordinary business practice, I served the following document(s):

**NOTICE OF REMOVAL**

by enclosing a true copy thereof in a sealed envelope and placing it for collection and service that same day in the ordinary course of business.

__x__ (BY MAIL)   I caused such envelope with first-class postage thereon fully prepaid to be placed in the United States mail at San Jose, California, addressed to the parties as follows:

Daniel F. Pyne
Hopkins & Carey
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

____ (BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand this date to the offices of the addressee(s) as follows:

____ (BY OVERNIGHT DELIVERY)   I caused such envelope to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the parties as follows:

____ (BY TELECOPIER)   I caused such document(s) to be served by facsimile transmission to the parties identified below:

The telephone number of the sending facsimile machine was (408) 999-0191. The telephone number of the receiving facsimile machine was _____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this Proof of Service in the City of San Jose, California, on February 9, 2010

JOHN DINAPOLI

NOTICE OF REMOVAL
C:\Cases\Prize\Removal.Fed.wpd